947 F.2d 951
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Delano JONES, Defendant-Appellant.
 No. 90-50104.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 7, 1991.
Decided Oct. 24, 1991.
 
 Before SCHROEDER, LEAVY and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant Delano Jones was convicted of conspiracy to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1). Jones was charged in one count of a twenty-four count indictment that included twenty-one other co-conspirators. Several of Jones' arguments stem from the fact that he was charged and tried with three other members of the conspiracy. He claims that the district court erred by: (1) not ordering that his trial be severed; (2) admitting evidence of firearms owned by members of the conspiracy and evidence of a murder plot within the conspiracy; and (3) denying his motion for acquittal based on insufficiency of evidence and discrepancies between the single conspiracy alleged in the indictment and the multiple conspiracies proven at trial. Jones also contends that the district court erred in compelling him to respond to cross-examination after belatedly asserting his fifth amendment right not to testify. Finally, Jones argues that in calculating his sentence, the district court erred by adjusting his offense level upward two points for his leadership role in the offense.
 
 
 3
 Jones failed to renew his motion to sever at the close of all trial evidence. Failure to renew a motion to sever generally waives appellate review. United States v. Plache, 913 F.2d 1375, 1378-79 (9th Cir.1990); United States v. Free, 841 F.2d 321, 324 (9th Cir.), cert. denied, 486 U.S. 1046 (1988). There are two exceptions permitting appeal without renewal: (1) the motion accompanies the introduction of evidence deemed prejudicial; and (2) a renewal at the close of all evidence would constitute an unnecessary formality. United States v. Kaplan, 554 F.2d 958, 965 (9th Cir.), cert. denied, 434 U.S. 956 (1977). Neither exception is applicable here. There was no basis for the district court to reconsider appellant's motion to sever in the absence of a renewal of the motion.
 
 
 4
 At trial, a government witness testified that he shot another member of the conspiracy, and that Jones was present when the leader of the conspiracy ordered the shooting. Jones contends that this evidence, together with evidence that members of the conspiracy possessed firearms was irrelevant, prejudicial, and should not have been admitted at trial. The evidence was properly admitted to prove the nature of the conspiracy. See United States v. Patterson, 819 F.2d 1495, 1504-05 (9th Cir.1987) (evidence of shooting relevant to, and in furtherance of, consipracy).
 
 
 5
 Jones argues that a fatal variance in proof existed between the conspiracy alleged in the indictment and the conspiracy proven at trial. A fatal variance exists where a defendant is tried under a single conspiracy, but proof at trial demonstrates that multiple, limited conspiracies actually existed. Jones relies on United States v. Baxter, 492 F.2d 150 (1973), cert. denied, 416 U.S. 940 (1974). Under Baxter "[a] variance is not fatal if the proof is confined to the conspiracy of which the defendant is convicted." Id. at 160.
 
 
 6
 This conspiracy, like the conspiracy proven in Baxter, involved many people, one supplier, and a common theme: sell drugs. In Baxter not all of the retailers knew one another, just as not all of the distributors in this conspiracy knew one another, nevertheless "each knew, or had reason to know, that other retailers were involved with the [ ] organization...." Id. at 158. In Baxter the government met its "burden of connecting each defendant directly or circumstantially with the larger overall scheme." Id. at 159. In this case, as in Baxter, there was no variance between the indictment and the proof offered at trial against this defendant. Key to the court's holding in Baxter was the fact that each of the defendants knew that the drug operation involved a network of other retailers. Jones too was aware that other members of the drug distribution network contributed to the conspiracy by obtaining and distributing cocaine. The district court did not err in denying Jones' motion for acquittal. As to Jones' participation in the conspiracy, the government also successfully and overwhelmingly demonstrated that Jones was a member of the alleged conspiracy.
 
 
 7
 After testifying on direct examination, and beginning his testimony on cross-examination, Jones attempted to assert his fifth amendment right to remain silent. Jones now argues that he never voluntarily or intelligently waived his fifth amendment right not to testify, and that the district court erred by not inquiring into the voluntariness of his original waiver of that right. The decision to testify should have been made by Jones, after consultation with his attorney. United States v. Martinez, 883 F.2d 750, 755 (9th Cir.1989) (no violation where defendant acted on counsel's advice not to testify, despite his desire to testify), vacated on other grounds, 928 F.2d 1470 (1991), cert. denied, 111 S.Ct. 2886 (1991). Jones' argument, that his testimony was involuntary from the start, is contradicted, in part, by his own assertion at trial: "he told me I had to [testify], and if I didn't I'd probably lose." This statement undermines Jones' claim that, prior to testifying, he was unaware of his right to remain silent. Additionally, Jones' defense counsel informed the court, during a hearing on Jones' motion for a new trial, that he and Jones discussed "very thoroughly" whether or not Jones should testify. The district court did not err in determining that Jones voluntarily waived his fifth amendment privilege by testifying.
 
 
 8
 At sentencing, the district court adjusted Jones' offense level upward two points for his role as a "manager of a lesser degree" in the conspiracy. Section 3B1.1(c) of the Sentencing Guidelines permits a judge to increase a defendant's base offense level by two points "[i]f the defendant was an organizer, leader, manager, or supervisor in any criminal activity ..." that was not otherwise extensive, or did not involve five or more participants. Under the Guidelines the following factors may be considered in judging whether an upward adjustment is appropriate: (1) the recruitment of accomplices (Jones brought a friend into the conspiracy by introducing him to the leader of the conspiracy); (2) the nature of participation (Jones was responsible for processing a large share of the conspiracy's rock cocaine); and (3) the degree of control and authority exercised over others (money received from drug sales was returned to Jones, who then compensated distributors). The district court did not err in adjusting Jones' offense level upward based on the degree of control he exercised over co-conspirators. United States v. Carvajal, 905 F.2d 1292, 1296 (9th Cir.1990) (upward adjustment upheld where defendant arranged, but did not attend single drug sale to undercover DEA agent).
 
 
 9
 Jones argues that neither the district court, nor the jury made factual findings establishing conduct for sentencing purposes. Of particular concern to Jones was whether the upward adjustment was based on evidence presented that conspirators possessed firearms. The district court, however, assured the appellant that the adjustment was based on "other evidence." The defendant did not object to any lack of factual findings. Nor did he dispute any facts in the presentence report that relate materially to this issue. At sentencing the defendant was asked whether there were any additions or corrections to be made to the presentence report. He replied that there were none. The district court did not err in increasing Jones' base offense level for his role in the conspiracy.
 
 
 10
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3